UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JACKELINE AZICRI, individually,

    Plaintiff,

v.

FOREST RECOVERY SERVICES LLC,         **JURY DEMAND**
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff JACKELINE AZICRI alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act Fla. Stat. § 559.55 *et seq.* ("FCCPA") against Defendant FOREST RECOVERY SERVICES LLC. Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff JACKELINE AZICRI is a natural person and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff is the sole owner, possessor, user, and subscriber of the cellular telephone that Defendant was calling.

6. Defendant FOREST RECOVERY SERVICES LLC ("Forest Recovery Services") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 117 South Cook Street #167, Barrington, IL 60010; Plaintiff further alleges that Forest Recovery Services is a citizen of the State of Illinois.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. A medical office known as "Florida Orthopaedic Center" previously engaged Defendant Forest Recovery Services to collect a consumer debt allegedly owed by Plaintiff.

10. This alleged debt was incurred for primarily personal purposes, to wit: personal medical care.

11. On February 18, 2015, Defendant Forest Recovery Services sent a dunning letter to Plaintiff's residence attempting to collect the alleged debt. A reproduction of this dunning letter is attached hereto as Exhibit A.

12. Plaintiff subsequently engaged the services of KATZ & ASSOCIATES LLC, a Florida law firm ("Katz & Associates"), to communicate with Defendant on her behalf.

2

13. On February 27, 2015, Katz & Associates sent a letter to Defendant Forest Recovery Services demanding of Defendant, among other things, "that no direct contact may be made by your offices to our client by any means of communication, written or by telephonic means to her mobile phone number, to her residence, or to her place of employment." A copy of Katz & Associates's letter is attached hereto as <u>Exhibit B</u>.

14. On March 6, 2015, apparently in response to Katz & Associates's letter, Defendant sent another letter directly to Plaintiff at her residence further demanding payment. A copy of this letter is attached hereto as <u>Exhibit C</u>.

15. Further, despite Katz & Associates's letter, Defendant persists in placing automated telephone collection calls directly to Plaintiff's cellular telephone.

16. Upon answering any of these calls, the Plaintiff is greeted by an automated, machine-operated voice that immediately asks her to "please wait for an available operator."

17. On occasions when Plaintiff does not answer the call, Defendant's telephone system automatically plays the following pre-recorded message before hanging up:

> This is a message from Forest Recovery Services. We are a debt collection company. This is an attempt to collect a debt and any information will be used for that purpose. Please call us back today at 877-276-1066. Once again the number is 877-276-1066. Thank you.

18. Defendant called and left one such voicemail on April 1, 2015.

19. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R.

3

559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 F.C.C.R. 14014, 14091-92 (2003).

20. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

21. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates paragraphs 1 through 21 herein.

23. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff JACKELINE AZICRI, requests that the Court enter judgment in favor of Plaintiff and against Defendant FOREST RECOVERY SERVICES, LLC for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

   b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

    e.    litigation expenses and costs of the instant suit; and

    f.    such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24.    Plaintiff incorporates paragraphs 1 through 21 herein.

25.    Defendant violated 15 U.S.C. § 1692c(2) of the FDCPA by communicating with Plaintiff regarding a debt despite knowing that Plaintiff was represented by an attorney with respect to such debt.

26.    Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA by continuing to communicate with the Plaintiff after being advised in writing to cease further communication.

WHEREFORE, Plaintiff JACKELINE AZICRI, requests that the Court enter judgment in favor of Plaintiff and against Defendant FOREST RECOVERY SERVICES, LLC for:

    a.    actual damages;

    b.    statutory damages of $1,000.00;

    c.    attorney's fees, litigation expenses, and costs of the instant suit, and;

    d.    such other or further relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

27.    Plaintiff incorporates paragraphs 1 through 21 herein.

28. Defendant violated Fla. Stat. § 559.72(18) of the FCCPA by communicating with Plaintiff regarding a debt despite knowing that Plaintiff was represented by an attorney with respect to such debt.

WHEREFORE, Plaintiff JACKELINE AZICRI, requests that the Court enter judgment in favor of Plaintiff and against Defendant FOREST RECOVERY SERVICES, LLC for:

a. actual damages;

b. statutory damages of $1,000.00;

c. a permanent injunction prohibiting Defendant calling Plaintiffs regarding the alleged debt;

d. attorney's fees, litigation expenses, and costs of the instant suit, and;

e. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 3rd day of April, 2015.

          BRET L. LUSSKIN, Esq.
          *Attorney for Plaintiff*
          20803 Biscayne Blvd., Ste 302
          Aventura, Florida 33180
          Telephone: (954) 454-5841
          Facsimile: (954) 454-5844
          blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
     Bret L. Lusskin, Esq.
     Florida Bar No. 28069